# EXHIBIT TABLE OF CONTENTS

EXHIBIT A ................................................................................. 18

EXHIBIT B ................................................................................. 29

EXHIBIT C ................................................................................. 56

EXHIBIT D ................................................................................. 58

EXHIBIT E ................................................................................. 59

EXHIBIT F .................................................................................. 60

EXHIBIT G ................................................................................. 63

# EXHIBIT A

**EXHIBIT A**

*By Fax*

Gene W. Choe, Esq. (SBN 187704)
LAW OFFICES OF GENE W. CHOE, P.C.
3250 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010
Telephone (213) 639-3888
Facsimile (213) 383-8280

Attorneys for Plaintiffs, MARCOS F. CORREA & LAVENIA J. CORREA

FILED
CIVIL BUSINESS OFFICE 4
CENTRAL DIVISION

2012 APR -4 PM 12: 38

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MARCOS F. CORREA; LAVENIA J. CORREA;<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; NBS DEFAULT SERVICES; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 37-2012-00095073-CU-OR-CTL<br><br>COMPLAINT:<br><br>1- VIOLATION OF CIVIL CODE SECTIONS 2923.5;<br>2- VIOLATION OF BUSINESS AND PROFESSION CODE SECTION 17200; |

NOW COMES Plaintiffs, MARCOS F. CORREA & LAVENIA J. CORREA (Plaintiffs), for causes of action against DEFENDANTS, WELLS FARGO BANK, N.A., NBS DEFAULT SERVICES and DOES 1 through 50, inclusive,

1
COMPLAINT

## PRELIMINARY ALLEGATIONS

1. Plaintiffs are now, and at all times relevant to this complaint have been, the owners of the real property commonly known as 14818 WHISPERING RIDGE ROAD, SAN DIEGO, CA 92131. ("Subject Property").

2. Defendant, NBS DEFAULT SERVICES (hereinafter, "NBS") is a provider of non-judicial foreclosure proceedings. This Defendant is purportedly the current trustee of the deed of trust described in paragraph 4.

3. Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued as Doe 1 through Doe 50. Each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right to title or interest in the subject property, or both.

4. On or about December 20, 2006, for valuable consideration, Plaintiffs, as borrowers, made, executed and delivered to World Savings Bank a written promissory note in the amount of $1,120,925.00. Defendant, WELLS FARGO BANK, N.A. (hereinafter, "WELLS FARGO") now purports to be the current beneficiary and servicer of the loan.

5. To secure payment of the principal sum and interest as provided in the note and as part of the same transaction, Plaintiffs, as trustors, executed and delivered to World Savings Bank a deed of trust dated December 12, 2006.

6. Plaintiffs always made timely payments on their mortgage and the Subject Property has been their primary residence. Due to the unexpected downturn in the economy, along with other unfortunate events Plaintiffs suffered a dramatic loss of income. However, they kept making payments and even exhausted all of their savings until they were forced to default.

7. On or around December 16, 2011, Defendant, WELLS FARGO, cinitiated non-judicial foreclosure proceedings on Plaintiff's residence by causing Defendant, NBS to record a Notice of Default and Election to Sell Under Deed of Trust. (A true and correct copy of the Notice of Default is attached as Exhibit A).

2
COMPLAINT

NOTICE OF REMOVAL
EXHIBIT A PAGE 19

## FIRST CAUSE OF ACTION
### (Violation of Civil Code Section 2923.5)

8. Plaintiffs re-alleges and incorporates with this reference the allegations in paragraphs 1 through 8 as though fully alleged and set forth herein.

9. Defendants improperly recorded the Notice of Default in that Defendants failed to comply with the publishing and posting requirements of California Civil Code, §2923.5 (a)(1)(2), by failing to notify Plaintiffs in person or by telephone in order to assess Plaintiffs' financial position and explore options that would avoid foreclosure. In addition, Defendants did not advise Plaintiffs that they had a right to request a subsequent meeting, and there was no meeting that occurred within the 14-day requirement. Furthermore, Defendants did not provide Plaintiffs with a telephone number to the United States Department of Housing and Urban Development to find a HUD-certified housing counseling agency as required by California Civil Code, §2923.5. In light of the foregoing, an actual controversy exists between Plaintiffs and Defendants concerning their respective rights and duties pertaining to the Subject Property that could determine whether the aforementioned trustee's sale is lawful.

10. Defendants, and each of them, as described more fully *supra*, failed to make any contact with Plaintiff to assist, nor did they wait the requisite 30 days after such contact before instituting the foreclosure proceedings and filing the Notice of Default.

11. Defendants improperly recorded the Notice of Default in violation of the "due diligence" requirements of California Civil Code, §2923.5(b) and (g)(1)(2)(A)(B)(C) (3)(4)(5), by failing to conduct the following mandatory "due diligence" efforts in dealing with Plaintiffs prior to recording the Notice of Default: (1) sending a first class letter that included a toll-free number for HUD to find a HUD-certified housing counseling agency; (2) contacting Plaintiff by telephone at least three times, in three hour intervals and on different days; (3) contacting Plaintiff with an automated system to connect Plaintiff to a live representative; (4) sending a certified letter to Plaintiff with return receipt requested if Plaintiff failed to respond within two weeks; (5) providing a means for Plaintiff to contact Defendants in a timely manner; (6) posting a prominent link on the homepage of Defendants' Internet Web site. An actual controversy

NOTICE OF REMOVAL
EXHIBIT A PAGE 20

exists between the Plaintiffs and Defendants concerning their respective rights and duties pertaining to the Subject Property and the described transactions.

12. As a result of Defendants' failure to abide by the due diligence requirements of Civil Code §2923.5(a)(1)(2), (b) and (g)(1)(2)(A)(B)(C), Plaintiffs were denied the opportunity to explore opportunities to avoid foreclosure by renegotiating the terms of their mortgage, or by tendering the payments in arrears according to a mutually agreeable repayment or forbearance plan. Had Plaintiffs been aware of said options, they would have made their best efforts to cure any default.

13. An actual controversy exists between the Plaintiffs and Defendants concerning their respective rights and duties pertaining to the Subject Property and the described transactions.

14. Defendants have violated Civil Code Civil Code §2924, by virtue of Defendants' failure to meet the requirements of California Civil Code §2923.5 prior to their filing of the Notice of Default pursuant to Civil Code §2924.

15. Plaintiffs have satisfied any implied requirement at equity to tender any unpaid amounts in that they are ready and willing to work out some sort of agreement with the bank to allow them to make more affordable payments and keep them in the home.

16. Defendants intend to sell, and unless lawfully restrained, will indeed sell or cause to be sold the Subject Property that would result in irreparable injury to Plaintiffs, who will lose their home with no right to redeem.

### SECOND CAUSE OF ACTION

(Violation of Business and Professions Code §17200 as against All Defendants)

17. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 as though fully alleged and set forth herein.

18. Plaintiffs are informed, believes and thereon alleges that beginning in or around December 16, 2011, and continuing to the present time, Defendants committed acts of unfair competition as defined by Business and Professions Code §17200, by engaging the acts as described above; namely, Defendants' policies and practices described above violate all the

4
COMPLAINT

NOTICE OF REMOVAL
EXHIBIT A PAGE 21

statutes as previously listed and California Civil Code §1709 and consequently constitute an unlawful business act of practice within the meaning of Business and Professions Code §17200. Defendants have taken advantage of the non-judicial foreclosure system without following its strict requirements with the purpose of summarily foreclosing and then evicting Plaintiff. Defendants' acts constituted actual or constructive fraud under Civil Code sections 1572 and 1573, and Civil Code sections and 1709-1710.

19. The harm to Plaintiffs and to members of the general public outweighs the utility of Defendants' policy and practices and consequently constitute an unlawful business act of practice within the meaning of Business and Professions Code §17200.

20. Further, the foregoing conduct threatens an incipient violation of a consumer law, and/or violates the policy or spirit of such law or otherwise significantly threatens or harms competition. Defendants' practices described above are likely to mislead the general public, and therefore, constitute an unlawful and unfair business act of practice within the meaning of Business and Professions Code §17200.

21. As a result of the aforementioned acts, Plaintiffs have lost money or property and suffered injury in fact. As a result of these wrongful acts and omissions, Plaintiffs have been precluded from properly curing any default in their mortgage and also from all the rights and benefits that go along with a person's ability to own and reside in a home.

WHEREFORE, Plaintiffs demand judgment as follows:

### AS TO ALL CAUSES OF ACTION

1. That the Court issue a declaration of the rights and duties of the parties; specifically, that Defendants have no right to conduct the sale, because the Defendants have not followed the required sale procedures required under California Civil Code, §2923.5.

2. That the Court issue a preliminary injunction, restraining the Defendants and their agents, attorneys, successors, and representatives and all persons acting in concert or

NOTICE OF REMOVAL
EXHIBIT A PAGE 22

participating with them, from selling attempting to sell, or causing to be sold the Subject Property either under the power of sale in the deed of trust or by foreclosure action.

3. That Plaintiffs recover compensatory damages.

4. That Plaintiffs recover damages caused in reliance on Defendants' representations.

5. That Plaintiffs recover exemplary damages.

6. That Plaintiffs recover reasonable attorney fees and costs incurred in this action, and that the Court award all other appropriate relief.

7. For any additional relief that the court deems just and proper.

Dated: April 4, 2012          LAW OFFICES OF GENE W. CHOE, PC

By: _____
Gene W. Choe, Esq.
Cindy G. Magana, Esq.
Attorneys for Plaintiffs,
MARCOS F. CORREA & LAVENIA J. CORREA

6
COMPLAINT

EXHIBIT A

RECORDING REQUESTED BY:

LPS

WHEN RECORDED MAIL TO:
NBS Default Services
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802

DOC # 2011-0676396

DEC 16, 2011   8:00 AM   1281
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:     27.00
         DA:       1
PAGES:          4

APN: 325-100-12-00  TS No.: 9551-0388   TSG ORDER No.: 110590956-CA-LMI

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE
### IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $30,898.45 as of 12/14/2011, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and Deed of Trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Wells Fargo Bank, N.A.
c/o NBS Default Services
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802
Attn: Foreclosure Dept.
800-766-7751

TS No.: 9551-0388

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

1282

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That NBS Default Services is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 12/12/2006, executed by MARCOS F. CORREA JR. AND LAVENIA J. CORREA, HUSBAND AND WIFE, as Trustor, to secure certain obligations in favor of WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES, as beneficiary, recorded on 12/20/2006, document number 2006-0902138, book , page , of Official Records in the Office of the Recorder of San Diego County, California describing land therein as: As more fully described on said Deed of Trust.

Included among these obligations is one Note(s) for the original sum of $1,120,925.00. The beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by WELLS FARGO BANK N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE FSB, SUCCESSOR BY MERGER TO WORLD SAVINGS BANK, FSB as the current beneficiary or its agent; and a breach of, and/or default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of Principal and Interest which became due on 08/01/2011, plus impounds and/or advances together with late charges, and all subsequent installments of principal, interest, plus impounds and/or advances and late charges and any reoccurring obligation that become due, including trustee's fees and expenses.

That by reason therefore, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS WAIVER OF ANY OTHER FEES OWING TO THE BENEFICIARY, OR OTHER DEFAULT BY THE TRUSTOR, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

The Declaration pursuant to California Civil Code, Section 2923.5(b) is attached hereto as Exhibit A

Dated: December 15, 2011

NBS Default Services, as Trustee or Agent for the Beneficiary

BY: _____
Gaby Ospino/Les Poppitt

"We are attempting to collect a debt, and any information we obtain will be used for that purpose."

Exhibit A

   Loan Number: ~~0071814497~~     Marcos F Correa   

### Declaration of Wells Fargo Bank, N.A.

As required by California Civil Code Section 2923.5, I, Jim Toney an officer of Wells Fargo Bank, N.A., declare as follows:

Regarding Marcos F Correa Jr (hereinafter referred to as "borrower"), Wells Fargo Bank, N.A., has met the requirement of California Civil Code Section 2923.5 as indicated below.

( ) Wells Fargo Bank, N.A., has contacted the borrower as set forth in California Civil Code Section 2923.5(a)(2).

(x) Wells Fargo Bank, N.A., has tried with due diligence, as prescribed by California Civil Code Section 2923.5(g), to contact the borrower.

The undersigned authorizes the trustee, foreclosure agent and/or their authorized agent to sign, on behalf of the beneficiary/authorized agent, the Notice of Default containing the declaration required pursuant to Civil Code 2923.5.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12-08-2011
Date

By: _____
Title: Vice President Loan Documentation

PP006 012 ONY



Loan Number: ~~~~~~~~  Lavenia J Correa  WACHOVIA

.1284.

### Declaration of Wells Fargo Bank, N.A.

As required by California Civil Code Section 2923.5, I, Jim Toney, an officer of Wells Fargo Bank, N.A., declare as follows:

Regarding Lavenia J Correa (hereinafter referred to as "borrower"), Wells Fargo Bank, N.A., has met the requirement of California Civil Code Section 2923.5 as indicated below.

( ) Wells Fargo Bank, N.A., has contacted the borrower as set forth in California Civil Code Section 2923.5(a)(2).

(x) Wells Fargo Bank, N.A., has tried with due diligence, as prescribed by California Civil Code Section 2923.5(g), to contact the borrower.

The undersigned authorizes the trustee, foreclosure agent and/or their authorized agent to sign, on behalf of the beneficiary/authorized agent, the Notice of Default containing the declaration required pursuant to Civil Code 2923.5.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12-28-2011
Date

By: _____
Title: Vice President Loan Documentation

FP007 012 ONY